PER CURIAM.
We affirm, an order terminating this father’s parental rights. This court has previously affirmed the order terminating the mother’s parental rights. S.S. v. Florida Dep’t of Children and Family Servs., 698 So.2d 1233 (Fla. 4th DCA 1997).
We find ample support in the record to reflect periods where the father permitted neglect and detrimental conditions thereby engaging in conduct that threatens the life or well being of the children. See § 39.464(l)(c), Fla. Stat. (1995). The record further reflects that Appellant failed to cooperate substantially with case plans during periods that he was not incarcerated and in fact refused to cooperate with necessary service providers. See § 39.464(l)(e), Fla. Stat. (1995). Finally, there is competent evidence to support the trial court’s conclusion that while incarcerated, Appellant did not make efforts to comply with the plan even though he understood what was required. Compare In Interest of G.R.S., 647 So.2d 1025 (Fla. 4th DCA 1994).
In sum, the evidence was sufficient to allow the trial court to conclude by clear and convincing proof that irrespective of services, the father engaged in conduct threatening the lives and well being of the children, and that it was in the best interest of the children to terminate Appellant’s parental rights.
STONE, C.J., and STEVENSON and SHAHOOD, JJ., concur.